Jeffrey S. Dubin (JD-0446)
Robert M. Saltzstein (RS-2815)
Attorneys for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
631.351.0300
914.686.0553
631.351.1900 FAX
dubinjs@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
Demos Demopoulos, Lawrence Scuder,
Steven Goldman, Michael N. Romita and
John Jack Dresch; as TRUSTEES of the
LOCAL 553 BENEFITS FUND; and as
TRUSTEES of the LOCAL 553 PENSION
FUND; and as TRUSTEES of the LOCAL
553 DEFERRED COMPENSATION FUND,

                              Plaintiffs,

    -against-

MYSTIC TANK LINES CORP.,

                              Defendant.
----------------------------------------X

Civil Action No.
07 CV 6155 (NRB/HP)

SETTLEMENT STIPULATION
AND ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/21/07

    IT IS HEREBY STIPULATED AND AGREED by and between the attorney for the plaintiffs and the attorneys for the defendant, all the parties to the above entitled action, that whereas no party hereto is an infant or incompetent person for whom an adult guardian has been appointed and no person not a party has an interest in the subject

matter of the action, the above entitled action is settled upon the following terms and conditions.

1. Defendant agrees that it owes to plaintiffs the principal sum of $70,493.93 to the LOCAL 553 BENEFITS FUND; LOCAL 553 PENSION FUND; and the LOCAL 553 DEFERRED COMPENSATION FUND.

2. Defendant shall pay the sum in six (6) installments. The first installment of $11,748.99, is due September 14, 2007. Thereafter five (5) payments in the amount of $11,748.99, together with nine (9) percent interest on the declining balance. Payments shall be made by good check, payable to Jeffrey S. Dubin, as attorney and sent to Jeffrey S. Dubin, Esq., 464 New York Avenue, Suite 100, Huntington, New York 11743. Payments shall be made as set forth in the attached Payment Schedule.

3. Default by defendant is defined as the failure to make any required payment within ten (10) days of its due date, and the failure to cure after ten (10) days telecopier/facsimile notice to defendant's attorneys. Default is further defined as the dishonor of any check tendered as payment hereunder, and the failure to cure after ten (10) days telecopier/facsimile notice to defendant's attorneys. Default by defendant is further defined as the failure to continue to pay all current contributions due and owing for each ensuing month on the 20th day of the month following the month for which the contributions are due for as long as it is legally obligated to contribute to the plaintiffs, and

the failure to cure after ten (10) days telecopier/facsimile notice to defendant's attorneys.

4. Upon default by defendant and upon notice and upon failure to timely cure, defendant consents to the entry of a judgment against it without further notice, in the amount of $70,493.93, plus interest of 18% per annum, plus penalties of 18% and attorney's fees and costs, all as provided for by the Employee Retirement Income Security Act (ERISA), 29 U.S.C § 1001, et seq., from the date the contributions were due less any amounts paid hereunder, in the United States District Court for the Southern District of New York.

5. Plaintiffs agree that upon payment in full hereunder, plaintiffs' attorney shall deliver a fully executed Release of defendant for the claims asserted in this action, in the form annexed hereto, and if a judgment has been entered hereunder, shall also deliver a Satisfaction of Judgment, and in such event Defendants may file the same with each Clerk with whom said judgment was docketed

6. The Court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this Settlement Agreement and any Order or Judgment resulting therefrom.

7. Either party may, without notice submit this Agreement to the Court to be "so ordered."

8. The parties agree that the defendant has entered into this Stipulation for the

purpose of resolving plaintiffs' claims without protracted litigation. The parties further agree that this Stipulation is made without prejudice to the parties' rights and defenses in any other matters or disputes between the parties, or between either of the parties and any third parties.

9. This Stipulation covers contributions due for the period of May, 2007. The parties agree that if at any time in the future, an audit of the payroll records of the defendant reveals that additional amounts of contributions than are provided for by this Settlement Stipulation, were due for the time period covered by this Settlement Stipulation, the plaintiffs may seek to collect said additional contributions and may file suit to recover same, and defendant may assert any and all defenses to such suit.

10. This Stipulation covers contributions due for the time period of May, 2007. The parties agree that if at any time in the future, an audit of the payroll records of the defendant reveals that lesser amounts of contributions than are provided for by this Settlement Stipulation, were due for the time period covered by this Settlement Stipulation the defendant(s) may seek to collect said overpayments and may file suit to recover the same and plaintiff may assert any and all defenses to such suit.

11. The parties agree that if at any time in the future, the defendant reports to the plaintiffs additional hours of covered employment that occurred during the time period covered by this Settlement Stipulation, the plaintiffs may seek to collect the contributions

that are due for such additional hours plus any interest, penalties and attorney's fees and may file suit to recover the same, and defendant may assert any and all defenses to such suit

Dated:     Huntington, New York
           ~~August 29, 2006~~
           SEPTEMBER 12, 2007

_/s/ Philip T. Simpson_
Philip T. Simpson, Esq. (PS-9707)
Robinson, Brog, Leinwand,
Greene, Genovese & Gluck P.C.
1345 Avenue of the Americas
New York, NY 10105-0143
212.603.6300

_/s/ Jeffrey S. Dubin_
JEFFREY S. DUBIN (JD-0446)
Attorney for Plaintiffs
Suite 100
464 New York Avenue
Huntington, New York 11743
631.351.0300
631.351.1900 FAX
Dubinjs@cs.com

Dated: September 21, 2007

SO ORDERED

_/s/_
United States District Judge

### Payment Schedule

| Date | Payment |
|---|---|
| 10/15/07 | $11,748.99 + $440.59 = $12,189.58 |
| 11/15/07 | $11,748.99 + $352.47 = $12,101.46 |
| 12/14/07 | $11,748.99 + $264.35 = $12,013.34 |
| 01/15/08 | $11,748.99 + $176.23 = $11,925.22 |
| 02/15/08 | $11,748.99 + $88.12 = $11,837.11 |

RELEASE

KNOW THAT DEMOS DEMOPOULOS, as a Trustee of the Local 553 Benefits Fund; and as a Trustee of the Local 553 Pension Fund; and as a Trustee of the Local 553 Deferred Compensation Fund, all with offices at 111 Eighth Avenue, Suite 1514, New York, NY 10011-5201, as RELEASOR, in consideration of the sum of Seventy-One Thousand Eight Hundred Fifteen Dollars and 69/100 ($71,815.69), received from MYSTIC TANK LINES CORP as RELEASEE, receipt whereof is hereby acknowledged, releases and discharges the RELEASEE, RELEASEE'S heirs, executors, administrators successors and assigns from all actions, causes of action, suits, debts, dues sums of money, accounts, reckonings, bonds, bills, specialties covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the RELEASEE, the RELEASOR, RELEASOR'S heirs, executors administrators, successors and assigns ever had, now have or hereafter can, shall or may, have for, upon, or by reason of all claims asserted in GREENES against the RELEASEE, United States District Court for the Southern District of New York, Civil Action No. 07 CV 6155 (NRB/HP), provided that if at any time in the future, an audit of the payroll records of the RELEASEE reveals that additional amounts of contributions than are provided for by this RELEASE, were due for the time period covered by this RELEASE, the RELEASOR may seek to collect said additional contributions and may file suit to recover the same.

    Whenever the text hereof requires, the use of the singular number shall include the appropriate plural number as the text of the within instrument may require.

    This Release may not be changed orally.

    IN WITNESS WHERE, the RELEASOR has hereunto set RELEASOR'S hand and seal on the _____ day of _____.

    _____ L.S.
    Demos Demopoulos, As a Trustee

STATE OF NEW YORK, COUNTY OF NEW YORK  ss.:

    On _____ before me personally came Demos Demopoulos, a Trustee of the above-mentioned Funds, to me known, and known to me to be the individual described in, and who executed the foregoing RELEASE, and duly acknowledged to me that he executed the same.

    _____
    Notary Public